UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 18-12660-JGR |
| ARBORSCAPE, INC. | ) | |
| EIN: 38-3727380 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S AMENDED PLAN OF REORGANIZATION**

**DATED JANUARY 28, 2019**

KUTNER BRINEN, P.C.
Jeffrey S. Brinen
Keri L. Riley
1660 Lincoln St., Suite 1850
Denver, CO  80264
Telephone:  303-832-2400
Facsimile:  303-832-1510
Email:  klr@kutnerlaw.com

Counsel to the Debtor
and Debtor in Possession

i

# Table of Contents

INTRODUCTION ................................................................................................ 1

DEFINITIONS ................................................................................................... 1

DESIGNATION OF CLAIMS AND INTERESTS ........................................ 5

SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY
CLAIMS ........................................................................................................... 6

SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS ................... 7

SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS ............. 7

6.1 – Internal Revenue Service (Class 2) ................................. 7
6.2 – Colorado Department of Revenue (Class 3) ...................... 8
6.3 – Altec Capital Services, LLC (Class 4) ............................. 8
6.4 – Balboa Capital Corporation (Class 5) .............................. 9
6.5 – Caterpillar Financial Services (Class 6) .......................... 9
6.6 – De Lage Landen Financial Services, Inc. (Class 7.1-7.7) ............... 10
6.7 – Direct Capital Corporation (Class 8.1-8.2) ...................... 11
6.8 – Ford Motor Credit (Class 9.1-9.2) .................................. 12
6.9 – J.P. Morgan Chase Bank, N.A. (Class 10) ...................... 12
6.10 – John Deere Financial (Class 11) ................................. 13
6.11 – Landmark Vehicle Finance (Class 12.1-12.6) ............... 13
6.12 – Sheffield Financial (Class 13.1-13.2) .......................... 14
6.13 – Synchrony Bank (Class 14) ......................................... 15
6.14 – Wells Fargo Vendor Financial Services, LLC (Class 15) ............. 16
6.15 – Wells Fargo Bank, National Association (Class 16) ...................... 17

SPECIFICATION AND TREATMENT OF UNSECURED CREDITOR CLAIMS ....... 17

SPECIFICATION AND TREATMENT OF CLASS 18 INTERESTS ........................... 18

MEANS FOR THE PLAN'S EXECUTION ............................................... 18

9.1 - Operation of Business ................................................... 18
9.2 – Management Fees and Costs .......................................... 18
9.3- Effectuating the Plan .................................................... 18
9.4 – Disputed Claim Procedure ............................................ 19
9.5 - Claims and Litigation Bar Date and Standing. ................. 19
9.6 - Administrative Expense Bar Date ................................... 19
9.7 - Monthly Installments ................................................... 19
9.8 - Final Decree ............................................................... 19
9.9 - Quarterly Fees ............................................................ 19
9.10 - Exemption from Transfer Taxes ................................... 20

i

9.11 – Contractual Relationship and Default Provisions ........................................ 20
9.12 – Independent Provisions. ............................................................................... 20
9.13 - Avoidance Actions ........................................................................................ 20
9.14 – Professional Retention Post-Confirmation ................................................. 21

EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...................................... 21

MISCELLANEOUS PROVISIONS .............................................................................. 22

11.1 - Revestment ..................................................................................................... 22
11.2 - Retention of Jurisdiction ............................................................................... 22
11.3 - Satisfaction of Claims ................................................................................... 23
11.4 – Injunction Against Collection Efforts. ........................................................ 23
11.5 - Headings. ........................................................................................................ 23
11.6 - Notices ............................................................................................................ 23

CONFIRMATION REQUEST ..................................................................................... 24

EXHIBIT A ................................................................................................................... 26

EXHIBIT B ................................................................................................................... 27

# ARTICLE I
# INTRODUCTION

ArborScape, Inc. ("ArborScape" or "Debtor"), Debtor and Debtor-in-Possession hereby proposes the following Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code.

ArborScape is a Colorado corporation engaged in business as a provider of tree services, landscaping and snow removal services in the Denver Metro area. David Merriman ("Merriman") is the President of ArborScape and manages its day to day affairs.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure its debts and obligations and continue to operate in the ordinary course of business. A more complete history of the Debtor, its operations, an explanation of this Plan, and a description of the Debtor's financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

# ARTICLE II
# DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2) of the Bankruptcy Code.

1

2.02 - Allowed Claim shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - Allowed Secured Claim shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - Avoidance Actions means each Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - Claim shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - Class shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07 - Class 1-18 and Claims and Interests shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - Code shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtor</u> shall mean the Debtor who is proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> shall mean any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with this case, or any Claim against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean the date on which the Order of Confirmation is entered or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - <u>Gross Revenue</u> shall mean the gross revenue actually received by the Debtor from the operation of its business, less sales and other taxes collected.

2.17 - <u>Interest</u> shall mean any member or shareholder interest or any other instrument evidencing any ownership interest in the Debtor and any option, warrant or

right of any nature, contractual or otherwise, to acquire a member or other ownership interest in the Debtor existing as of the Petition Date.

2.18 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 - <u>Petition Date</u> shall mean the date on which the voluntary petition was filed by the Debtor on April 3, 2018.

2.20 - <u>Plan</u> shall mean this Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.21 - <u>Priority Claim</u> shall mean any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - <u>Professional Fees</u> shall mean the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a Professional Person.

2.24 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.25 - <u>Tax Claim</u> shall mean any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 - <u>Other Definitions</u>.  Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

4

# ARTICLE III
## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

Class 1 - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

Class 2 – The Allowed Secured Claim held by the Internal Revenue Service

Class 3 – The Allowed Secured Claim held by the Colorado Department of Revenue

Class 4 – The Allowed Secured Claim held by Altec Capital Services, LLC

Class 5 – The Allowed Secured Claim held by Balboa Capital.

Class 6 – The Allowed Secured Claim held by Caterpillar Financial Services.

Class 7.1-7.7 – The Allowed Secured Claims held by De Lage Landen Financial Services, Inc.

Class 8.1-8.2 – The Allowed Secured Claims held by Direct Capital Corporation

Class 9.1-9.2 –The Allowed Secured Claims by Ford Motor Credit

Class 10 – The Allowed Secured Claim held by J.P. Morgan Chase

Class 11 – The Allowed Secured Claim held by John Deere Financial

Class 12.1-12.6 – The Allowed Secured Claims Landmark Vehicle Finance

Class 13.1-13.2 – The Allowed Secured Claims held by Sheffield Financial

Class 14 – The Allowed Secured Claim held by Synchrony Bank

Class 15 – The Allowed Secured Claim held by Wells Fargo Vendor Financial Services, LLC

Class 16 – The Allowed Secured Claim held by Wells Fargo Bank, National Association

Class 17 – The Allowed Claims held by unsecured creditors

Class 18 – The Interests in Arborscape

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims.  Such Claims shall be paid in full on the Effective Date of the Plan, or treated as otherwise agreed to by the particular holders of such Claims.  Section 507(a)(2) Administrative Claims that are allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed.

4.2 - The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be treated as follows:

4.2.1- The Internal Revenue Service ("IRS") holds a priority claim that is also secured in part by a valid lien against substantially all of the Debtor's assets, as well as a general unsecured claim.  Pursuant to 11 U.S.C. §1129(a)(9)(D), the IRS secured and priority claims will be treated as a secured claim in Article VI, Paragraph 6.1 of this Plan. The IRS general unsecured claim will be treated as a Class 17 claim.

4.2.2 – The Colorado Department of Revenue ("CDR") holds a priority claim that is also secured by a valid lien against substantially all of the Debtor's assets.  Pursuant to 11 U.S.C. §1129(a)(9)(D), the CDR claim will be treated as a secured claim in Article VI, Paragraph 6.2 of this Plan.

4.3 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed.  All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V

## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Priority Claims shall be paid in full on the Effective Date. The Class 1 Claims for certain pre-petition wages and employee claims are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code. The Debtor does not expect that any claims will exist in this Class.

## ARTICLE VI

## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

**6.1 – Internal Revenue Service (Class 2).** The Class 2 Secured Claim consists of the Allowed Secured Claim and priority claim held by the Internal Revenue Service ("IRS"). Class 2 is impaired by the Plan. The Class 2 claim will be treated under this Plan as follows:

a. The amount of the Class 2 claim shall be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the IRS.

b. The lien position held by the Class 2 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 2 creditor's secured claim is satisfied or the underlying property securing its claim is sold.

c. As of the Effective Date of the Plan, the Class 2 claim shall bear interest at the applicable statutory rate of interest.

d. The holder of the Class 2 Claim shall continue to receive payments in the amount set forth in the Order Authorizing Continued Use of Cash Collateral (Docket No. 47). On the fifth anniversary of the Petition Date, the Debtor shall pay all remaining amounts owed in a single balloon payment.

e. All payments made by the Debtor, including any pre-payments, shall be applied first to taxes assessed for unpaid income taxes and social security taxes that were withheld from employees (i.e. trust fund taxes), and then to other amounts owed to the IRS. All payments delivered to the IRS shall include such a designation.

7

f.  The Debtor may pre-pay the Class 2 Claim, including all principal and interest, without penalty at any time.

g.  Confirmation of the Debtor's Plan shall constitute an injunction against collection efforts by the IRS against the principals of the Debtor, including David and Keri Merriman.

**6.2 – Colorado Department of Revenue (Class 3).** The Class 3 Secured Claim consists of the Allowed Secured Claim held by the Colorado Department of Revenue ("CDR"). Class 3 is impaired by the Plan.  The Class 3 claim will be treated under this Plan as follows:

a.  The amount of the Class 3 claim shall be allowed in the amount due on the Confirmation Date of the Plan.

b.  The lien position held by the Class 3 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 3 creditor's secured claim is satisfied or the property securing its claim is sold.

c.  As of the Effective Date of the Plan, the Class 3 claim shall bear interest at the applicable statutory rate of interest.

d.  The holder of the Class 3 Claim shall be amortized and paid in equal monthly installments over three years following the Effective Date of the Plan.

e.  The Debtor may pre-pay the Class 3 Claim, including all principal and interest, without penalty at any time.

**6.3 – Altec Capital Services, LLC (Class 4).** The Class 4 Secured Claim consists of the Allowed Secured Claim held by Altec Capital services, LLC secured by the Debtor's 2017 Freightliner M2-106 Altec Bucket LR7-56 bucket truck.  The Class 4 Secured Claim is impaired by this Plan.  The Class 4 Secured Claim will be treated and paid as follows:

a.  The principal amount of the Class 4 Claim will be allowed (i) in the principal amount owed on the Effective Date of the Plan; or (ii) if the Class 4 claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 4 claimant on or before the Confirmation Date.

8

b.  The Class 4 Claim will bear interest at the rate of: (i) the contractual rate of 5.25% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 4 claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 4 claimant.

c.  The Class 4 claimant shall retain all liens that secured its Claim as of the Petition Date until the secured claim is satisfied or the property securing the Claim is sold.

d.  The Class 4 Claim shall be amortized and paid in equal monthly installments over six (6) years beginning the first full month after the Effective Date.

e.   The Debtor shall be entitled to pre-pay the Class 4 Claim without premium or penalty.

**6.4 – Balboa Capital Corporation (Class 5).**  The Class 5 Secured Claim consists of the Allowed Secured Claim held by Balboa Capital Corporation. The Class 5 Claim is unimpaired.  On the Effective Date, the Class 5 Creditor shall be entitled to enforce its state law rights against the previously surrendered collateral.  Any remaining amounts due shall be treated as a Class 17 general unsecured claim.

**6.5 – Caterpillar Financial Services (Class 6).** The Class 6 Secured Claim consists of the Allowed Secured Claim held by held by Caterpillar Financial Services secured by the Debtor's Caterpillar 908M Wheel Loader.  The Class 6 Secured Claim is impaired by this Plan.  The Class 6 Secured Claim will be treated and paid as follows:

a.  The principal amount of the Class 6 Claim will be allowed (i) in the principal amount owed on the Effective Date of the Plan; or (ii) if the Class 6 claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 6 claimant on or before the Confirmation Date.

b.  The Class 6 Claim will bear interest at the rate of: (i) the contractual rate of 5.20% per annum commencing on the Effective Date of the Plan; or (ii) if

the Class 6 claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 6 claimant.

 c. The Class 6 claimant shall retain all liens that secured its Claim as of the Petition Date until the secured claim is satisfied or the property securing the Claim is sold.

 d. The Class 6 Claim shall be amortized and paid in equal monthly installments over five (5) years beginning the first full month after the Effective Date.

 e. The Debtor shall be entitled to pre-pay the Class 6 Claim without premium or penalty.

**6.6 – De Lage Landen Financial Services, Inc. (Class 7.1-7.7).** The Class 7.1 through 7.7 Secured Claims (collectively the "Class 7 Secured Claims") consists of the Allowed Secured Claims held by De Lage Landen Financial Services, Inc. ("DLL"). The Class 7 Secured Claims are impaired by this Plan. The Class 7 Secured Claims will be treated and paid as follows:

 a. The principal amount of the Class 7 Secured Claims shall be allowed in the principal amount owed on the Effective Date of the Plan.

 b. The Class 7 Claims will bear interest at the rate of: (i) 5.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 7 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 7 Claimant.

 c. The Class 7 Claimant will retain all liens that secured its Claim as of the Petition Date until the secured claims are satisfied or the property securing the Claims is sold.

10

d.   The Class 7.7 Claim shall be paid on the Effective Date of the Plan, to the extent not paid prior to the Confirmation Date.

e.   The Class 7.1 through 7.6 Claims shall be amortized and paid in equal monthly installments over six (6) years following the Effective Date of the Plan.

f.   The Debtor shall be entitled to make one payment on account of the Class 7 Claims, which payment shall be prorated across all Class 7 Secured Claims.

g.   The Debtor shall be entitled to pre-pay the Class 7 Secured Claims without premium or penalty.

**6.7 – Direct Capital Corporation (Class 8.1-8.2).**  The Class 8.1 through 8.2 Secured Claims (collectively the "Class 8 Secured Claims") consists of the Allowed Secured Claims held by Direct Capital Corporation ("Direct Capital").  The Class 8 Secured Claims are impaired by this Plan.  The Class 8 Secured Claims will be treated and paid as follows:

a.   The principal amount of the Class 8 Secured Claims will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 8 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 8 Claimant on or before the Confirmation Date.

b.   The Class 8 Claims will bear interest at the rate of: (i) 5.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 8 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 8 Claimant.

c.   The Class 8 Claimant will retain all liens that secured its Claim as of the Petition Date until the secured claims are satisfied or the property securing the Claims is sold.

d.   The Class 8 Claims shall be amortized and paid in equal monthly installments over five (5) years following the Effective Date of the Plan.

11

e.  The Debtor shall be entitled to make one payment on account of the Class 6 Claims, which payment shall be prorated across all Class 8 Claims; and

e.  The Debtor shall be entitled to pre-pay the Class 8 Claims without premium or penalty.

**6.8 – Ford Motor Credit (Class 9.1-9.2).**  The Class 9.1 through 9.2 Secured Claims (collectively the "Class 9 Secured Claims") consists of the Allowed Secured Claims held by Ford Motor Credit ("FMC").  The Class 9 Secured Claims are impaired by this Plan.  The Class 9 Secured Claims will be treated and paid as follows:

a.  The principal amount of the Class 9 Secured Claims will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 9 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 8 Claimant on or before the Confirmation Date;

b.  The Class 9 Secured Claims will bear interest at (i) the contractual rate of 5.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 9 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 9 Claimant;

c.  The Class 9 Claimant will retain all liens that secured its Claim as of the Petition Date;

d.  The Class 9 Secured Claims shall be amortized and paid in equal monthly installments over six (6) years following the Effective Date of the Plan;

e.  The Debtor shall be entitled to make one payment on account of the Class 9 Secured Claims, which payment shall be prorated across all Class 9 Claims; and

e.  The Debtor shall be entitled to pre-pay the Class 9 Secured Claims without premium or penalty.

**6.9 – J.P. Morgan Chase Bank, N.A. (Class 10).**  The Class 10 Secured Claim consists of the Allowed Secured Claim held by J.P. Morgan Chase Bank, N.A.

("Chase"). The Class 10 Claim is impaired by this Plan. The Class 10 Claim will be treated and paid as follows:

a. The principal amount of the Class 10 Claim will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 10 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 10 Claimant on or before the Confirmation Date.

b. The Class 10 Claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 10 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 10 Claimant.

c. The Class 10 Claimant will retain all liens that secured its Claim as of the Petition Date.

d. The Class 10 Claim shall be amortized and paid in equal monthly installments over four (4) years following the Effective Date of the Plan.

e. The Debtor shall be entitled to pre-pay the Class 10 Claim without premium or penalty.

**6.10 – John Deere Financial (Class 11).** The Class 11 Secured Claim consists of the Allowed Secured Claim held by John Deere Financial ("John Deere"). The Class 11 Claim is impaired by this Plan. The Class 11 Claim shall be allowed in the amount owed on the Effective Date of the Plan and paid in full within thirty (30) days of the Effective Date.

**6.11 – Landmark Vehicle Finance (Class 12.1-12.6).** The Class 12.1 through 12.6 Secured Claims (collectively the "Class 12 Secured Claims") consists of the Allowed Secured Claims held by Landmark Vehicle Finance ("Landmark"). The Class 12 Secured Claims are impaired by this Plan. The Class 12 Secured Claims will be treated and paid as follows:

13

a. The principal amount of the Class 12 Secured Claims will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 12 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 12 Claimant on or before the Confirmation Date.

b. The Class 11 Secured Claims will bear interest at (i) the contractual rate of 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 12 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 12 Claimant.

c. The Class 12 Claimant will retain all liens that secured its Claim as of the Petition Date.

d. The Class 12 Secured Claims shall be amortized and paid in equal monthly installments over six (6) years following the Effective Date of the Plan.

e. The Debtor shall be entitled to make one payment on account of the Class 12 Secured Claims, which payment shall be prorated across all Class 12 Claims.

f. The Debtor shall be entitled to pre-pay the Class 12 Secured Claims without premium or penalty.

**6.12 – Sheffield Financial (Class 13.1-13.2).**   The Class 13.1 through 13.2 Secured Claims (collectively the "Class 13 Secured Claims") consists of the Allowed Secured Claims held by Sheffield Financial ("Sheffield").  The Class 13 Secured Claims are impaired by this Plan.  The Class 13 Secured Claims will be treated and paid as follows:

a. The principal amount of the Class 13.1 Secured Claim will be allowed (i) in the amount of $19,250; or (ii) if the Class 13 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 13 Claimant on or before the Confirmation Date.

14

b.  The principal amount of the Class 13.2 Secured Claim will be allowed (i) in the amount of $22,702; or (ii) if the Class 13 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 13 Claimant on or before the Confirmation Date.

c.  The Class 13 Secured Claims will bear interest at (i) the contractual rate of 5.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 13 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 13 Claimant.

d.  The Class 13 Claimant will retain all liens that secured its Claim as of the Petition Date.

e.  The Class 13 Secured Claims shall be amortized and paid in equal monthly installments over six (6) years following the Effective Date of the Plan.

f.  The Debtor shall be entitled to make one payment on account of the Class 13 Secured Claims, which payment shall be prorated across all Class 13 Claims.

g.  The Debtor shall be entitled to pre-pay the Class 13 Secured Claims without premium or penalty.

**6.13 – Synchrony Bank (Class 14).**  The Class 14 Secured Claim consists of the Allowed Secured Claim held by Synchrony Bank.  The Class 14 Claim is impaired by this Plan.  The Class 14 Claim will be treated and paid as follows:

a.  The principal amount of the Class 14 Claim will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 14 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 14 Claimant on or before the Confirmation Date.

b.  The Class 14 Claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 14 Claimant

15

objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 14 Claimant.

c.   The Class 14 Claimant will retain all liens that secured its Claim as of the Petition Date.

d.   The Class 14 Claim shall be amortized and paid in equal monthly installments over four (4) years following the Effective Date of the Plan.

e.   The Debtor shall be entitled to pre-pay the Class 14 Claim without premium or penalty.

**6.14 – Wells Fargo Vendor Financial Services, LLC (Class 15).**  The Class 15 Secured Claim consists of the Allowed Secured Claim held by Wells Fargo Vendor Financial Services, LLC.  The Class 15 Claim is impaired by this Plan.  The Class 15 Claim will be treated and paid as follows:

a.   The principal amount of the Class 15 Claim will be allowed (i) in the principal amount owed on the Effective Date; or (ii) if the Class 15 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 15 Claimant on or before the Confirmation Date.

b.   The Class 15 Claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 15 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 15 Claimant.

c.   The Class 15 Claimant will retain all liens that secured its Claim as of the Petition Date.

d.   The Class 15 Claim shall be amortized and paid in equal monthly installments over five (5) years following the Effective Date of the Plan.

16

e. The Debtor shall be entitled to pre-pay the Class 15 Claim without premium or penalty.

**6.15 – Wells Fargo Bank, National Association (Class 16).** The Class 16 Secured Claim consists of the Allowed Secured Claim held by Wells Fargo Bank, National Association. The Class 16 Claim is impaired by this Plan. The Class 16 Claim will be treated and paid as follows:

a. The principal amount of the Class 16 Claim will be allowed (i) in the amount of $60,000; or (ii) if the Class 16 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date; or (iii) an amount agreed upon by the Debtor and the Class 16 Claimant on or before the Confirmation Date.

b. The Class 16 Claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 16 Claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 16 Claimant.

c. The Class 16 Claimant will retain all liens that secured its Claim as of the Petition Date.

d. The Class 16 Claim shall be amortized and paid in equal monthly installments over five (5) years following the Effective Date of the Plan.

e. The Debtor shall be entitled to pre-pay the Class 16 Claim without premium or penalty.

## ARTICLE VII

## SPECIFICATION AND TREATMENT OF UNSECURED CREDITOR CLAIMS

7.1 – Class 17 consists of those unsecured creditors of the Debtor who hold Allowed Claims. Class 17 claimants shall receive a pro-rata distribution equal to 2% of the Gross Revenue generated over the five-year period commencing on the Effective

Date of the Plan less the amount necessary to pay any Unclassified Priority Claimant, excluding Tax Claims, who agrees to accept deferred payment of its claim ("Class 17 Distribution").  Commencing on the first full month following the Confirmation Date, the Debtor shall at the conclusion of each month, set aside in a segregated account, an amount equal to 2% of the preceding month's Gross Revenue.  Each time six months payments have been set aside, the Debtor shall make any payment due to Unclassified Priority Claimants and then the Class 17 Distribution will be made to Class 17 creditors on a pro-rata basis.

7.2 - In addition to the distribution set forth above, Classes 17 shall be entitled to receive the proceeds whether obtained by litigation or settlement, net of attorney fees, expert fees, costs, obtained from any action undertaken by the Debtor to collect Avoidance Actions and net of any unpaid Unclassified Priority Claims.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 18 INTERESTS

8.1 - Class 18 includes the Interests in the Debtor held by the pre-confirmation shareholders.  Class 18 is unimpaired by this Plan.   On the Effective Date of the Plan Class 18 shall retain its Interests in the properties which it owned prior to the Confirmation Date, subject to the terms of the Plan.

## ARTICLE IX
## MEANS FOR THE PLAN'S EXECUTION

9.1 - **Operation of Business**.  The Debtor shall be empowered to take such action as may be necessary to perform its obligations under this Plan.

9.2 – **Management Fees and Costs.**  The Debtor shall be entitled to compensate its officers and directors with reasonable compensation for services following confirmation of the Plan.  Funding for such fees will be derived from the operation of the Debtor's business.

9.3- **Effectuating the Plan**.  On the Effective Date of the Plan, David Merriman shall be appointed as the agent of the Debtor pursuant to 11 U.S.C. §1142(b) for the

18

purpose of carrying out the terms of the Plan and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.

9.4 – **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims.  In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held in an interest bearing bank account until the Claim is Allowed or disallowed.  If Allowed, the Claim will be paid its appropriate share of the withheld payment.  If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants, or if all holders of Allowed Claims have been paid in full, paid to Debtor.

9.5 - **Claims and Litigation Bar Date and Standing**.  All Claim objections and Avoidance Actions in the case must be filed no later than 120 days following the Effective Date.  The Debtor shall have standing to commence, prosecute, and settle claim objections, Litigation, and avoidance actions without need for Court approval.

9.6 - **Administrative Expense Bar Date**.  All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 60 days following the Effective Date of the Plan.

9.7 - **Monthly Installments.**  Whenever the Plan provides for payment in monthly installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan.  The Debtor shall then have a fifteen day grace period within which the monthly payment must be received by the payee before the Debtors shall be in default, unless a longer period is specified elsewhere in the Plan.

9.8 **- Final Decree.**  The Debtor will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.9 **- Quarterly Fees.**  Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.10 - **Exemption from Transfer Taxes.**  Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.11 – **Contractual Relationship and Default Provisions.**  The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and its creditors.  In the event of a default by the Debtors under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan.  Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of its rights and remedies including foreclosure of its deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document.  Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a thirty (30) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan.  Upon the Debtor's failure to cure the default within such thirty day period, the creditor may proceed to exercise its rights and remedies.

9.12 - **Independent Provisions.**  Should it be determined by the Court that any provision of the Plan is impermissible or grounds for the denial of confirmation, the Debtor shall have the right, but not the obligation, to delete the impermissible provision and proceed with confirmation of the Plan provided that deletion of the offensive provision would result in a confirmable Plan.

9.13 - **Avoidance Actions.**  The Debtor has authority post-confirmation to pursue all Avoidance Actions for the benefit of creditors and the enhancement of distributions under the terms of the Plan.  The Debtor shall have sole authority to determine whether to pursue through litigation or settle any avoidance action.  Any settlement shall require notice to creditors and opportunity for a hearing.  The Debtor may retain counsel to recover the Avoidance Actions on reasonable terms without need for Court approval of fees or costs.

20

9.14 – **Professional Retention Post-Confirmation.**  Court approval shall not be required for either professional retention or compensation following the Effective Date of the Plan.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1  - On the Effective Date of the Plan, the Debtor hereby assumes those executory contracts and unexpired leases listed in Exhibit A attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the Court prior to the Confirmation Date.  On the date of the entry of an Order confirming the Plan, the Debtor shall be the holders of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtor and the other parties thereto.  Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. §365(b) and (f).

10.2 - On the Effective Date of the Plan, the Debtor will reject all executory contracts and unexpired leases to which they are a party which are listed in Exhibit B, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the Confirmation Date.  Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. §365.  Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. §365 and the Rules.

10.4 - **Claims Arising from Rejection.**  All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtor's rejection of such executory contract or unexpired lease or (ii) the Confirmation Date.  Any claims not filed within

such time shall be forever barred against the Debtors, its estates and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as a Class 17 unsecured Claim.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 - **Revestment.**  On the Effective Date of the Plan all property of the estates shall revest in the Debtors free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2 - **Retention of Jurisdiction**.  Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1.  Determination of the allowability of claims upon objection to such claims by the Debtors-in-Possession or by any other party in interest;

2.  Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(2), including compensation of the parties entitled thereto;

3.  Resolution of any disputes regarding interpretation of the Plan;

4.  Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

5.  Modification of the Plan pursuant to 11 U.S.C. §1127;

6.  Adjudication of any causes of action, including avoiding powers actions, brought by the Debtor-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

7.  Adjudication of any cause of action brought by the Debtor-in-Possession, Creditors Committee, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §542-549.  This section shall not be construed to limit any other power or right which the Debtor may possess under any section of the Code;

22

8.      To close the case after the Plan becomes effective and reopen it when Plan payments are completed to enter the discharge order; and

9.      Enter a Discharge and Final Decree

11.3 - **Satisfaction of Claims.** The Debtor shall receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d). Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan.  Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.  This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.  No creditor affected by the Plan shall have the right to pursue any claims, either in Bankruptcy Court or State Court, except for any remedies as a result of the Debtor's breach of the Plan.  This provision neither expands nor detracts the jurisdiction of the Bankruptcy Court conferred under the Bankruptcy Code.

11.4 – **Injunction Against Collection Efforts.**  As set forth in paragraph 6.1(g) above, confirmation of the Debtor's Plan shall constitute an injunction against any efforts by the IRS to collect on amounts owed from the principals of the Debtor, including David and Keri Merriman.  The injunction imposed by the Plan shall remain in existence for the term of the Plan, through and including April 3, 2023.  The injunction shall terminate on the earlier of: i) conclusion of the Plan term; ii) an uncured default under the Plan; or iii) conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code.

11.5 - **Headings**.  The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan.

11.6 - **Notices.**   All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified.  All communications will be deemed delivered when received at the following addresses:

23

a.     To:

Arborscape, Inc.
c/o David Merriman
3165 S. Zuni Street
Englewood, CO 80110

With a copy to:

Jeffrey S. Brinen, Esq.
Keri L. Riley, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Fax: 303-832-1510
Email: klr@kutnerlaw.com

b.     To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, or, at the address set forth for the claimant in the Debtors' Schedules filed with the Court.

11.7 - **Successors and Assigns**.  The Plan will be binding upon the Debtors, any creditor affected by the Plan and its heirs, successors, assigns and legal representatives.

11.8 - **Unclaimed Payments**.  If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within three months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.9 - **Committee Existence**.   Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date of the Plan.

## ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtor, as proponent of the Plan, request confirmation of the Plan pursuant to 11 U.S.C. §1129.  The Debtors will solicit acceptance of the Plan after its Disclosure Statement has been approved by the Court and is transmitted to the creditors,

interest holders and parties in interest. In the event the Debtor do not obtain the necessary acceptances of its Plan, they may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. §1129(b). The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: March 18, 2019

ARBORSCAPE, INC.

By: /s/ *David Merriman*
        David Merriman, President

Jeffrey S. Brinen, Esq.
Keri L. Riley, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone:  303- 832-2400
Fax: 303-832-1510
Email: jsb@kutnerlaw.com

ATTORNEYS FOR DEBTOR

**EXHIBIT A**

**Executory Contracts and Unexpired Leases Assumed**

1.    All contracts and leases previously assumed or for which a motion to assume is pending.

2.    All leases and contracts that are not specifically rejected.

## EXHIBIT B

### Executory Contracts and Unexpired Leases Rejected

1.     All leases and contracts previously rejected by Court Order or for which a motion to reject is pending.